**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

**OMAR ERNESTO TORRES GUERRA**
**#A240-818-047**

**CASE NO.  1:26-CV-01315 SEC P**

**VERSUS**

**JUDGE TERRY A. DOUGHTY**

**WARDEN RIVER CORRECTIONAL**
**CENTER ET AL**

**MAGISTRATE JUDGE CAROL B.**
**WHITEHURST**

**MEMORANDUM ORDER**

Before the Court is an Emergency Motion for Temporary Restraining Order ("TRO"), Request for Immediate Bond Hearing, and Expedited Briefing Schedule [Doc. No. 2] filed by *pro se* Petitioner, Omar Earnesto Torres-Guerra ("Petitioner"). Petitioner is a Colombian national with a pending asylum case.[1] Petitioner entered the United States in May 2022 and was released on his own recognizance by the Department of Homeland Security.[2] "On April 19, 2026, the Immigration Judge denied bond, holding: Petitioner is subject to mandatory detention under *Matter of Hurtado.*"[3] As a result, Petitioner argues, he has been denied any opportunity to demonstrate that he is not a danger or flight risk.[4] Petitioner seeks, via this Motion, a prompt individualized bond hearing before an Immigration Judge within seven days or, in the alternative, immediate release.[5] For the reasons stated below, Petitioner's Motion fails.

---

[1] [Doc. No. 2, p. 1].
[2] [Doc. No. 1, p. 2]. Neither the Habeas Petition nor the Temporary Restraing Order addresses Petitioner's redeatainment. Therefore, the Court has no additional information other than what has been provided by the Petitioner.
[3] [Id.]; [Doc. No. 2, p. 1].
[4] [Doc. No. 2, p. 1].
[5] [Id. at p. 3].

As a threshold matter, the Court recognizes that a *pro se* petitioner's filings are held to less "stringent standards" than filings drafted by counsel. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *Pro se* plaintiffs must, however, "plead factual allegations that raise the right to relief rise above [a] speculative level." *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (2002)). In any event, the Court has no obligation to "sift through the record in search of evidence" to support the *pro se* litigant's arguments. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). The Court now addresses the merits.

As another Judge of this Court recently stated:

> The very basis of a habeas action is to challenge the statutory or constitutional basis for detention. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody.") (quoting *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973)). Seeking injunctive relief that mirrors the relief requested in the habeas petition is *nothing more than a motion to decide my habeas petition now. See Garcia-Aleman v. Thompson*, No. 5:25-CV-00886, ECF No. 20 (S.D. Tex. Oct. 30, 2025). The Court will not allow Petitioner to commit an end-run around the habeas process.

*Da Silva v. Tellez*, No. 25-CV-1960, 2025 WL 3553041, at *1 (W.D. La. Dec. 8, 2025) (emphasis added).

Since the preliminary relief Petitioner seeks—a bond hearing or immediate release from immigration detention—mirrors the ultimate relief sought in

Petitioner's Petition for Writ of Habeas Corpus ("Habeas Petition"),[6] Petitioner's Motion for TRO, Request for Immediate Bond Hearing, and Expedited Briefing Schedule [Doc. No. 2] is **DENIED** to that extent.

Lastly, the Court construes the Motion for Expedited Briefing Schedule as a Motion for Order to Show Cause. Petitioner requests the Court to "set an expedited briefing schedule and order the Respondents to respond within forty-eight (48) hours."[7] Section 2243 states that a court "entertaining an application for a writ of habeas corpus shall" issue forthwith "an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243 (2025). The show cause order "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id.*

Petitioner fails to articulate any law or reasoning behind the request for the order to show cause, merely asserting the Court should grant his request in the expedited consideration section of his Motion.[8] Regardless of the lack of briefing on the Motion, the Court finds that adhering to such a compressed schedule of § 2243 is unnecessary here. Granting a request for an immediate show cause order would circumvent the standard procedures the Court uses to manage its docket and would not allow for deliberate consideration of the merits. The Court declines to stray from

---

[6] [Doc. No. 1, p. 4].
[7] [Id.].
[8] [Doc. No. 2, p. 3].

the standard procedure, and Petitioner's Motion, to the extent it requests an order to show cause, is **DENIED**.

For the reasons stated above,

**IT IS ORDERED** that Petitioner's Emergency Motion for a Temporary Restraining Order, Request for Immediate Bond Hearing, and Expedited Briefing Schedule [Doc. No. 2] is **DENIED**, in its entirety.

MONROE, LOUISIANA, this 27th day of April 2026.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE